**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **IKWUANO DEVELOPMENT ASSOCIATION, NEW YORK CHAPTER, USA**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: GJH-18-1938 |
| **SAMUEL ADINDU**, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs Ikwuano Development Association, Washington DC, Maryland and Virginia, USA; Ikwuano Association, Houston Chapter, USA; Ikwuano Development Association, New Jersey Chapter, USA; Ikwuano Family Union Atlanta Chapter, Georgia, USA; and Ikwuano Development Association, New York Chapter, USA (collectively, "Plaintiffs") brought this action against Defendants Samuel Adindu and Ikwuano National Development Association, USA/CANADA Inc.,[1] alleging state law claims of breach of contract, unjust enrichment, breach of fiduciary duty, and conversion. ECF No. 1. Pending before the Court is Plaintiffs' Motion for Summary Judgement. ECF No. 16. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). Upon review of the Complaint and Plaintiffs' Motion, the Court deems it appropriate to dismiss this case for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and thus Plaintiffs'

---

[1] It is worth noting that, in Plaintiffs' Motion for Summary Judgment, Plaintiffs state: "At this time, Plaintiffs maintains [sic] this case and seek judgment only against Defendant Mr. Samuel Adindu, and not against Ikwuano National Development Association USA/CANADA." ECF No. 16 at 4. Additionally, without explanation, counsel for Defendant Ikwuano National Development Association, USA/CANADA Inc. now lists Ikwuano National Development Association, USA/CANADA Inc. as a plaintiff. ECF No. 13. The aforementioned counsel is the same counsel representing Ikwuano Development Association, Washington DC, Maryland and Virginia, ECF No. 14, and the same counsel that filed the instant Motion. ECF No. 16 at 8.

1

Motion for Summary Judgment is denied as moot.

**I.      BACKGROUND[2]**

This action arises out of Defendant Samuel Adindu's withdrawal of funds from "an account that is maintained and/or operated by the executive[] members of Defendant Ikwuano National Development Association, USA/CANADA Inc.[,]" which took place between August and November of 2015. ECF No. 1 at 4–5.[3] The funds at issue were deposited into the account by Plaintiffs, *i.e.*, the local chapters of Defendant Ikwuano National Development Association, USA/CANADA Inc. *Id.* at 4. Defendant Samuel Adindu does not contest mishandling these funds. ECF No. 12 at 3.

Plaintiffs filed this civil action on June 27, 2018. ECF No. 1. Defendant Samuel Adindu, proceeding *pro se*, answered on November 14, 2018. ECF No. 12. Almost a year and a half later, after the Court instructed the parties to submit a status report, ECF No. 15—which neither party submitted—Plaintiffs filed the instant Motion for Summary Judgment on April 20, 2020. ECF No. 16. Defendant Samuel Adindu has not responded.

**II.     DISCUSSION**

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). A district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Pursuant to Fed. R. Civ. P. 12(h)(3), the court must dismiss the action if it determines that it lacks subject matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07

---

[2] These facts are undisputed.
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

(2006).

Federal jurisdiction is limited and is available only when a federal question is presented or there is diversity of citizenship of the parties. *See* U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332. There is no presumption that jurisdiction is vested in the Court. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

District courts have original jurisdiction, pursuant to 28 U.S.C. § 1331, over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Under the "well-pleaded complaint rule," federal question jurisdiction exists only when a federal question is presented on the face of Plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). None of Plaintiffs' claims "arise under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. § 1331, rather all four claims are grounded in state law. *See* ECF No. 1 at 4–11. Thus, this Court lacks federal question jurisdiction.

Plaintiffs appear to rely instead on diversity jurisdiction. ECF No. 1 at 4. District courts also have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, however, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (internal citation omitted). Diversity jurisdiction is determined as of the date the suit is filed. *See, e.g.*, *Porsche Cars N. Am., Inc. v. Porsche.Net*, 302 F.3d 248, 255–56 (4th Cir. 2002) (holding that "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy") (citations omitted). Here, despite claiming this Court has jurisdiction

under 28 U.S.C. § 1332, ECF No. 1 at 4, Plaintiffs' own filings reveal that the parties lack complete diversity. Specifically, Plaintiffs' Complaint indicates that Plaintiff Ikwuano Development Association, Houston, USA is incorporated in the state of Texas, *id.* at 3, and Defendant Samuel Adindu is a resident of the state of Texas, *id.* at 4. Because both Plaintiff Ikwuano Development Association, Houston, USA and Defendant Samuel Adindu are citizens of Texas, *see* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State . . . where it has its principal place of business"), the parties are not completely diverse and this action lacks diversity jurisdiction.[4] *See Mayes*, 198 F.3d at 461.

Because the Court has neither federal question jurisdiction nor diversity jurisdiction over this civil action, the Court must dismiss the action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' civil action is dismissed without prejudice for lack of subject matter jurisdiction and Plaintiffs' Motion for Summary Judgment is denied as moot. A separate Order shall issue.

Date: December 21, 2020      /s/
                             GEORGE J. HAZEL
                             United States District Judge

---

[4] Additionally, Plaintiff Ikwuano Development Association Washington DC, Maryland and Virginia, USA is incorporated in the state of Maryland, ECF No. 1 at 3, and Defendant National Development Association USA/CANADA Inc. is headquartered in Maryland, ECF No. 16 at 3. Thus, Plaintiff Ikwuano Development Association Washington DC, Maryland and Virginia, USA and Defendant National Development Association USA/CANADA Inc. are both citizens of Maryland, again defeating diversity jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that 28 U.S.C. § 1332's reference to "principal place of business" should normally refer to "the place where the corporation maintains its headquarters"). However, Plaintiffs now appear to dismiss their claims against Defendant Ikwuano National Development Association USA/CANADA, Inc. ECF No. 16 at 4.